# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| I.D., | * | No. 04-1593V |
| | * | The Honorable Susan G. Braden |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: April 26, 2013 |
| | * | |
| SECRETARY OF HEALTH | * | Damages; decision based on proffer; |
| AND HUMAN SERVICES, | * | hepatitis B vaccine; chronic fatigue |
| | * | syndrome |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Mark P. Friedlander, Jr., McLean, VA, and Mark Greenspan, Norfolk, VA, for petitioner;
Heather L. Pearlman, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION AWARDING DAMAGES[1]

On October 25, 2004, I.D.'s parents filed a petition on I.D.'s behalf seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that a dose of the hepatitis B vaccination caused I.D. to develop chronic fatigue syndrome. On April 22, 2011, the United States Court of Federal Claims determined that I.D. is entitled to compensation under the Vaccine Act. On April 19, 2013, the undersigned issued a ruling regarding damages.

On April 26, 2013, respondent filed a Status Report on Award of Compensation, to which petitioner agrees. This status report is construed as a Proffer on Award of Compensation. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioner is entitled to an award as stated in therein. Pursuant to the attached proffer, the court awards petitioner:

---

[1] At a status conference held on April 26, 2013, petitioner orally moved for redaction of petitioner's name to petitioner's initials. Respondent indicated that she took no position on petitioner's request. Petitioner's oral motion was granted.

Within 14 days, the parties may move for additional redactions in accord with 42 U.S.C. § 300aa-12(d)(4) and Vaccine Rule 18(b). Otherwise, this decision will be posted on the Court's website in accord with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Any redactions ordered by the special master will appear in the document posted on the website.

1.  **A lump sum payment of $1,076,412.15 representing compensation for life care expenses expected to be incurred during the first year after judgment ($40,357.92), lost future earnings ($838,566.45), pain and suffering ($194,580.48), and past unreimbursable expenses ($2,907.30), in the form of a check payable to petitioner; and**

2.  **An amount sufficient to purchase an annuity contract, subject to the conditions described in the attached Proffer (attached as Appendix A), that will provide payments for the life care items contained in the life care plan, as illustrated by the proffer's chart, paid to the life insurance company from which the annuity will be purchased. Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the proffer's chart describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith. **The Clerk's Office is instructed to provide a copy of this decision to the presiding judge.** Vaccine Rule 28.1(a).

Any questions may be directed to my law clerk, Jay All, at (202) 357-6353.

**IT IS SO ORDERED.**

s/ Christian J. Moran

Christian J. Moran
Special Master

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

<table>
<tr><td></td><td>)<br>)<br>)</td><td>No. 04-1593V</td></tr>
<tr><td>Petitioner,</td><td>)<br>)</td><td>The Honorable Susan G. Braden<br>Special Master Christian J. Moran</td></tr>
<tr><td>v.</td><td>)<br>)</td><td></td></tr>
<tr><td>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td>Respondent.</td><td>)<br>)<br>)</td><td></td></tr>
</table>

## RESPONDENT'S STATUS REPORT ON AWARD OF COMPENSATION

In his Ruling Regarding Damages issued April 19, 2013, the Special Master ordered the parties "to confer to reduce the portions of the award to the net present value." ECF No. 237 at 20. In accordance with that ruling, respondent respectfully submits the following status report. Petitioner's counsel has reviewed the contents of this report and does not object to the representations made herein.

### I.      Items of Compensation

#### A.      Life Care Items

The Special Master awarded the items of compensation identified in respondent's life care plan, filed on April 20, 2012, as Respondent's Exhibit DD, with the exception that he awarded compensation to provide for eight hours per day of homemaker assistance for 21 days per year, from compensation year 2013 (age 22) through compensation year 2017 (age 26). The Special Master also awarded compensation to provide for an additional five hours per day of companion care assistance for 365 days per year from compensation year 2018 (age 27) through compensation year 2056 (age 65). For compensation years 2057 (age 66) through life the Special Master awarded compensation for assisted living in the amount of $39,060.00 per year.

-1-

The compensation awarded for homemaker assistance, companion care assistance, and assisted living, as well as the other items identified in respondent's life care plan, revised to reflect a 2013 judgment, are illustrated by the chart entitled Appendix A: Items of Compensation for ██ ████████ attached hereto as Appendix A.[1] The parties recommend that ████████ be awarded all items of compensation illustrated by the chart attached at Appendix A.

B.    Lost Earnings

The Special Master awarded petitioner the amount of compensation for his impaired earning capacity as set forth in the statute, 42 U.S.C. § 300aa-15(a)(3)(B). Based on this finding, the parties recommend that the appropriate award for ████████ lost earnings, after reduction to net present value, is $838,566.45.

C.    Pain and Suffering

The Special Master awarded petitioner $100,000.00 in actual and $150,000.00 in projected pain and suffering. Based on this finding, the parties recommend that the appropriate award for pain and suffering is $194,580.48. This amount reflects that the award for projected pain and suffering has been reduced to net present value.

D.    Past Unreimbursable Expenses

The Special Master awarded petitioner $2,907.30 for past unreimbursable expenses.

II.    **Form of the Award**

The parties request that the compensation provided to ████████ made through a combination of lump sum payments and future annuity payments as described below, and request that the special master's decision and the Court's judgment award the following:

---

[1] The chart at Appendix A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

A. A lump sum payment of $1,076,412.15, representing compensation for life care expenses expected to be incurred during the first year after judgment ($40,357.92), lost earnings ($838,566.45), pain and suffering ($194,580.48), and past unreimbursable expenses ($2,907.30), in the form of a check payable to petitioner, ███████████

B. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Appendix A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, ███████████ only so long as ███████████ is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Appendix A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.    Growth Rate

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

      b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

      c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

      d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

-3-

The parties request that a four percent (4%) growth rate be applied to all non-medical life care items, and a five percent (5%) growth rate be applied to all medical life care items. Thus, the benefits illustrated in the chart at Appendix A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.

2.     <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, ████████ is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of ███████'s death.

3.     <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**     <u>**Summary of Recommended Payments Following Judgment**</u>

    A.     Lump Sum paid to petitioner, ██████████         **$1,076,412.15**

    B.     An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

*/s/ Heather Pearlman by*
*/s/ Gordon Shemin*
HEATHER PEARLMAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Phone: (202) 353-2699
Fax:    (202) 616-4310

Dated: April 25, 2013

██████████ v. HHS, No. 04-1593V

Appendix A to Respondent's Status Report of April 25, 2013

**Appendix A: Items of Compensation for** ▮▮▮

| ITEMS OF COMPENSATION | G.R. | M | Lump Sum Compensation Year 1 (2013) | Compensation Year 2 (2014) | Compensation Year 3 (2015) | Compensation Year 4 (2016) | Compensation Year 5 (2017) | Compensation Years 6-44 (2018-2056) | Compensation Years 45-Life (2057-Life) |
|---|---|---|---|---|---|---|---|---|---|
| Primary Care | 5% | | 192.00 | 192.00 | 192.00 | 192.00 | 192.00 | 192.00 | 192.00 |
| Mileage: Primary Care | 4% | | 4.32 | 4.32 | 4.32 | 4.32 | 4.32 | 4.32 | 4.32 |
| Mileage: Psychologist | 4% | | 143.52 | 4.32 | 4.32 | 4.32 | 4.32 | 4.32 | 4.32 |
| Care Mngt | 4% | M | 4,128.00 | 4,128.00 | 4,128.00 | 4,128.00 | 4,128.00 | 4,128.00 | 4,128.00 |
| Meclizin OTC | 4% | | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 |
| Wellbutrin or Strattera | 5% | M | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 |
| Vocational Eval | 5% | | 2,628.00 | 2,628.00 | 2,628.00 | 2,628.00 | 2,628.00 | 2,628.00 | 2,628.00 |
| Vocational Counseling | 4% | | 360.00 | | | | | | |
| Driving Eval | 4% | | 359.00 | | | | 7,000.00 | | |
| Computer Adaptations and Software | 4% | | 280.00 | | | | | | |
| Shower Chair | 4% | | 80.00 | 56.00 | 56.00 | 56.00 | 56.00 | 56.00 | 56.00 |
| Grab Bars | 4% | | 220.00 | 11.43 | 11.43 | 11.43 | 11.43 | 11.43 | 11.43 |
| Hand Held Shower | 4% | | 61.00 | 14.67 | 14.67 | 14.67 | 14.67 | 14.67 | 14.67 |
| Companion Care | 4% | M | 6.10 | 6.10 | 6.10 | 6.10 | 6.10 | 6.10 | 6.10 |
| Homemaker Assistance | 4% | M | 29,200.00 | 29,200.00 | 29,200.00 | 29,200.00 | 29,200.00 | 58,400.00 | 39,060.00 |
| Assited Living | 4% | M | 2,688.00 | 2,688.00 | 2,688.00 | 2,688.00 | 2,688.00 | | |
| Lost Future Earnings | | | 838,566.45 | | | | | | |
| Pain and Suffering | | | 194,580.48 | | | | | | |
| Past Unreimbursable Expenses | | | 2,907.30 | | | | | | |
| Annual Totals | | | 1,076,412.15 | 38,942.60 | 38,942.60 | 38,942.60 | 45,942.60 | 65,454.60 | 46,114.60 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($40,357.92), lost earnings ($838,566.45), pain and suffering ($194,580.48), and past unreimbursable expenses ($2,907.30): $1,076,412.15.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.